United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Filed October 2, 2001

 No. 00-5070

 Augustine David Henderson, 
 Appellant

 v.

 Roger A. Kennedy, et al., 
 Appellees

 Consolidated with 
 No. 00-5071

 On Appellants' Petition for Rehearing

 
 Before: Henderson, Randolph, and Garland, Circuit 
Judges.

 Opinion for the Court filed by Circuit Judge Randolph.

 Randolph, Circuit Judge: The petition for rehearing di-
rects us to amendments of the Religious Freedom Restora-
tion Act (RFRA), 42 U.S.C. s 2000bb et seq., enacted a year 
ago, but not mentioned by either side when the case was last 

before us. The petition argues that the amendments render 
erroneous our decision sustaining, as against a claim under 
RFRA, the National Park Service's regulation prohibiting the 
sale of t-shirts on the National Mall.

 RFRA had defined "exercise of religion" as "the exercise of 
religion under the First Amendment to the Constitution." 42 
U.S.C. s 2000bb-2(4) (1999). The Religious Land Use and 
Institutionalized Persons Act (RLUIPA), Pub. L. No. 
106-274, ss 7-8, 114 Stat. 803, 806 (2000), altered the defini-
tion to mean "any exercise of religion, whether or not com-
pelled by, or central to, a system of religious belief." 42 
U.S.C. s 2000cc-5(7)(A), incorporated by 42 U.S.C. 
s 2000bb-2(4).

 The amendments remove the doubt expressed in our opin-
ion, see Henderson v. Kennedy, 253 F.3d 12, 16 (D.C. Cir. 
2001), that the portion of RFRA remaining after City of 
Boerne v. Flores, 521 U.S. 507 (1997)--the portion, that is, 
applicable to the federal government (and not enacted pursu-
ant to s 5 of the Fourteenth Amendment)--survived the 
Supreme Court's decision striking down the statute as applied 
to the States.

 The amendments did not alter RFRA's basic prohibition 
that the "[g]overnment shall not substantially burden a per-
son's exercise of religion." 42 U.S.C. s 2000bb-1(a). See 
also Henderson, 253 F.3d at 15; Kikumura v. Hurley, 242 
F.3d 950, 960 (10th Cir. 2001); Murphy v. Zoning Comm'n of 
the Town of New Milford, 148 F. Supp. 2d 173, 188 (D. Conn. 
2001). Our opinion assumed that plaintiffs Henderson and 
Phillips wanted to sell t-shirts on the Mall because of their 
religious beliefs. Our focus was on whether the Park Service 
regulation imposed a "substantial burden" on their exercise of 
religion. See Henderson, 253 F.3d at 16-17. In reaching our 
judgment we examined the importance of selling t-shirts on 
the Mall to the plaintiffs. Our conclusion was this: "Because 
the Park Service's ban on sales on the Mall is at most a 
restriction on one of a multitude of means [by which petition-
ers may engage in their vocation to spread the gospel], it is 
not a substantial burden on their vocation. Plaintiffs can still 

distribute t-shirts for free on the Mall, or sell them on streets 
surrounding the Mall." Id. at 17. That conclusion is unaf-
fected by the amendments of RFRA. Although the amend-
ments extended the protections of RFRA to "any exercise of 
religion, whether or not compelled by, or central to, a system 
of religious belief," 42 U.S.C. s 2000cc-5(7)(A), incorporated 
by 42 U.S.C. s 2000bb-2(4), the amendments did not alter the 
propriety of inquiring into the importance of a religious 
practice when assessing whether a substantial burden exists. 
The petition for rehearing is therefore denied.

 So ordered.